UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CR-72 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| ) | |
| JOSE V. GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Defendant Jose V. Gonzalez ("Defendant") has filed a Federal Rule of Criminal Procedure 14 Motion to Sever (Court File No. 35). Defendant also submitted a memorandum in support of this motion (Court File No. 36). The Government has indicated to the Court it does not oppose this motion on the grounds one of Defendant's codefendants may testify in his favor if his trial is severed. After considering Defendant's brief on this issue, the Court hereby **DENIES** Defendant's motion to sever (Court File No. 35).

### I. DISCUSSION

Defendant and codefendants Teodoro Gonzalez ("T. Gonzalez") and Fredys I. Rodriguez ("Rodriguez") are charged together in the indictment with (1) conspiracy to violate 21 U.S.C. § 841(a)(1) and (b)(1)(A), distribution of five kilograms or more of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 846; and (2) possession with the intent to distribute five kilograms or more of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Court File No. 14). All three defendants are

scheduled to go to trial together on September 26, 2005.

The Federal Rules of Criminal Procedure permit the Government to indict defendants together, and there is a preference for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993); *United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996). There is a strong policy presumption in favor of joint trials for codefendants when criminal charges result from the same acts and will be proved by the same evidence. *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995); *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990). This is particularly true when the defendants are charged with joint participation in a common scheme or conspiracy. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993).

A severance of trials will be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a defendant or prevent the jury from making a reliable judgment about a defendant's guilt or innocence. *Zafiro*, 506 U.S. at 539, 113 S. Ct. at 938; *Cobleigh*, 75 F.3d at 248; *United States v. Bond*, 22 F.3d 662, 666 (6th Cir. 1994). The risk of prejudice varies with the particular facts and circumstances in each case. In *Zafiro*, the United States Supreme Court recognized that evidence probative of one defendant's guilt but technically admissible into evidence only against a codefendant might present a serious risk of prejudice. 506 U.S. at 539, 113 S. Ct. at 938. Conversely, the *Zafiro* Court held a defendant might suffer undue prejudice if essential exculpatory evidence, which would otherwise be available to the defendant if tried alone, were unavailable to the defendant in a joint trial. *Id.* When the risk of prejudice is high, a district court is more likely to determine separate trials are necessary, but less drastic measures, such as limiting instructions to the jury, often will sufficiently cure the risk of prejudice. *Id.* Therefore, Defendant

bears a heavy burden of showing he will suffer specific and compelling prejudice if there is no severance. *Cobleigh*, 75 F.3d at 248; *United States v. Lloyd*, 10 F.3d 1197, 1215-16 (6th Cir. 1993).

Defendant bases his motion on several grounds. First, he states Defendant may be denied access to exculpatory testimony by his codefendants, who may be willing to testify on his behalf at a separate trial but may wish to assert their individual rights to remain silent under the Fifth Amendment at their own trials.

"A stringent test is to be employed in ruling on a motion for severance in order to obtain a codefendant's testimony. The defendant must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (*quoting United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir.), *cert. denied*, 449 U.S. 830, 101 S. Ct. 97, 66 L. Ed. 2d 35 (1980); *citing United States v. Jackson*, 549 F.2d 517 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S. Ct. 1682, 52 L. Ed. 2d 379 (1977)) (internal quotations omitted). *See also United States v. Hayes,* 1994 U.S. App. LEXIS 9379, *5 (6th Cir. 1994) (upholding denial of motion to sever under *Causey* where defendant presented only speculation about substance of codefendant's testimony and codefendant's willingness to testify if trials were severed); *United States v. Davis*, 899 F.2d 1222 (6th Cir. 1990) (upholding denial of motion to sever under *Causey* where other witnesses besides codefendant could have testified to same facts to which codefendant would have testified).

Defendant has not presented any argument on the four factors listed in *Causey*, but seeks a hearing to demonstrate to the Court he can comply with them. The more appropriate manner to handle this ground for severance is for Defendant to renew his motion during trial if it becomes an

3

issue. Defendant may call any of his codefendants as a witness on his behalf. If the codefendant refuses to testify, as is his right under the Fifth Amendment, the point is moot. If the codefendant indicates he would be willing to testify but for his testimony's effect on his own trial, the Court will conduct a hearing on the *Causey* factors at that point and, if Defendant can meet his burden, sever the testifying codefendant's trial from the joint trial of Defendant and the remaining codefendant. Therefore, the Court **DENIES** Defendant's motion to sever on this ground.

Second, Defendant states the jury is likely to find him guilty by his proximity to and association with his codefendants. Defendant does not elaborate on this guilt-by-proximity argument. The mere statement Defendant may be found guilty by association with his codefendants is not sufficient to meet the high bar of specific and compelling prejudice if there is no severance, therefore Defendant's motion is **DENIED** on this ground. *See Cobleigh*, 75 F.3d at 248; Lloyd, 10 F.3d at 1215-16.

Third, Defendant argues "*Bruton* problems may arise if codefendants' incriminating statements inculpate him and because that codefendant chooses not to take the witness stand, he or she is unavailable for cross-examination" (Court File No. 36 at 3). Defendant refers to the case of *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). In that case, the Supreme Court of the United States held the admission at a joint trial of an out-of-court confession by one defendant, who did not testify, implicating his codefendant in the crime, violated the codefendant's Sixth Amendment confrontation right to cross-examine witnesses against him. 391 U.S. at 126. The Court further found a limiting instruction was not a sufficient remedy to cure the prejudice to the defendant from his not being able to cross examine his codefendant regarding a clearly inculpatory statement. *Id.* at 135-36. The Supreme Court later held *Bruton* established a

4

"narrow exception" to the "almost invariable assumption of the law that jurors follow their instructions," that applies only when a "codefendant's confession 'expressly implicat[ed]' the defendant as his accomplice." *Richardson v. Marsh*, 481 U.S. 200, 206-208, 107 S. Ct. 1702; 95 L. Ed. 2d 176 (1987) (*quoting Bruton*, 391 U.S. at 124 n.1). In *Richardson*, the Supreme Court held admission with a limiting instruction of a nontestifying codefendant's confession that was not incriminating on its face because the defendant's name and all references to any accomplice were redacted from the confession, and the confession only became incriminating when it was linked with defendant's own testimony later at trial, did not violate the defendant's Sixth Amendment rights. *Id.,* 481 U.S. at 208-11. The Supreme Court has spoken one other time on this issue, holding admission of a nontestifying codefendant's confession redacted by substituting for the defendant's name in the confession a blank place or the word "deleted" does violate the defendant's Sixth Amendment rights, since "the redacted confession with the blank prominent on its face, in *Richardson's* words, 'facially incriminates' the codefendant." *Gray v. Maryland*, 523 U.S. 185, 196, 140 L. Ed. 2d 294, 118 S. Ct. 1151 (1998) (*quoting Richardson*, 481 U.S. at 209).

Defendant does not indicate either of his codefendants actually has made a confession that would expressly inculpate him. In fact, as part of his motion, Defendant requests he be provided with any statements by a codefendant the Government intends to use at trial that might inculpate him (Court File No. 36 at 4, 5). To be sure, severance might be appropriate under *Zafiro* if the Government intended to introduce at trial a codefendant's confession that expressly implicated Defendant and that codefendant did not intend to take the stand. Such a situation would pose a serious risk that a joint trial would compromise a specific trial right of a defendant, that of confrontation under the Sixth Amendment. *Zafiro*, 506 U.S. at 539, 113 S. Ct. at 938. However,

5

the mere possibility such evidence may exist, and may be used at trial, together with conjecture about whether his codefendants will take the stand at trial, is insufficient at this juncture in the proceedings to show prejudice warranting severance of Defendant from his codefendants for trial. *See Cobleigh*, 75 F.3d at 248; *Lloyd*, 10 F.3d at 1215-16

## II. CONCLUSION

Because Defendant has not met the heavy burden of showing he will suffer specific and compelling prejudice if there is no severance, *see id.*, the Court hereby **DENIES** his motion to sever (Court File No. 35).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**